## W. D. FILES *v.* A. J. McWILLIAMS, County Treasurer.

1. MANDAMUS—COUNTY WARRANT—REFUNDING TAXES OVERPAID BY SHERIFF.—A warrant was issued in 1864 to the sheriff of Itawamba county, for taxes overpaid in 1862 and 1863. The answer sets up that the warrant when issued contemplated payment in Confederate treasury notes, and that the taxes were for the support of the the war in hostility to the government of the United States, and that the allowance was without authority of law. The Revised Code of 1857, p. 132, art. 161, provides that no court shall be authorized to make any allowance payable out of the county treasury, *unless the same be provided for by some act of the legislature;* and when such allowances are made, the clerk of such court shall make out a copy of the account so allowed, and of the order allowing the same, certified under his seal of office, and reciting therein under what statute it was made.

2. SAME—SAME.—By art. 30, p. 418, Revised Code of 1857, boards of police shall direct the appropriation of the money that may come into the treasury of their respective counties, but shall not appropriate the same to any object not authorized by law.

3. SAME—TAXES IN SUPPORT OF THE LATE WAR.—The amount overpaid was undoubtedly in Confederate money, being taxes for the support of the war; being so stated in the return, must be taken as true, on the motion for a peremptory writ. 8 S. & M., 77; 42 Miss., 237; 44 Miss., 393. The illegality of the allowance affords conclusive grounds for its non-payment now.

Error to the circuit court of Itawamba county. Hon. B. B. BOONE, judge.

The plaintiff in error filed his petition, praying an alternate writ of mandamus to compel the defendant in error, county treasurer of Itawamba county, to pay him the amount of a warrant ordered by the board of police of said county, and issued by the clerk of said board, in his favor, for the sum of two hundred and fifty-three dollars, which he says the said treasurer fails and refuses to pay, although he admits that he holds money in his hands as treasurer.

The defendant in error answered:

1. The warrant does not show that it was issued by the order of the board.

2. The warrant was issued to plaintiff for taxes overpaid by him as sheriff, and is not authorized by law, and that he is not bound to pay the same.

3. The said warrant constitutes no legal claim against the county.

4. If the warrant was legally issued, relator's remedy is in another form.

5. The said warrant was allowed and issued the 5th day of December, 1864, and was by law contemplated to be paid in Confederate treasury notes, and not in lawful money of the United States, which said Confederate treasury notes were not worth more than ten dollars of the legal currency of the United States.

6. At the time of the collection of the taxes, and the issuance of the warrant, the State of Mississippi and other States were in armed hostility to the government of the United States. That the relator took and held the office of sheriff and tax collector of Itawamba county; took an oath to support the insurrectionary government against the government of the United States, and said warrant was issued to the relator as such officer in settlement of taxes collected by him as such officer for the support of said war; that it is illegal, and he is not authorized to pay the same.

Upon the coming in of the answer, a motion was made for a peremptory mandamus, which motion was overruled, and plaintiff in error brings the case to this court on writ of error, and assigns for error the following:

"The court below erred in overruling the motion of plaintiff for the issuance of a peremptory writ of mandamus, as prayed for in said cause."

*Clayton & Clayton,* for plaintiff in error.

*Finley & Cayce,* for defendant in error.

TARBELL, J., delivered the opinion of the court:

Mandamus to compel the treasurer of Itawamba county to pay a warrant of the board of police of that county, issued in 1864, to the sheriff, for taxes overpaid in 1862 and 1863. An alternative writ was served, and the treasurer answered, setting up several grounds why the warrant ought not to be paid. Among others, that the warrant was issued

illegally, and without authority of law; that, if legal, the remedy was not by mandamus; that the warrant was con-templated to be paid in Confederate treasury notes; and that, in fact, the allowance was for taxes for the support of the war in hostility to the government of the United States. A peremptory mandamus was denied, and hence a writ of error. The case was heard upon the return, which is full and explicit in its specifications why the warrant should not be paid. The ground of the decision of the circuit court does not appear, but it is stated in the return of the alterna-tive writ, that the warrant was issued for an allowance to the sheriff, as such, and was hence without authority and void. The argument is, that the money, having been col-lected in the form of taxes from, belonged to, the people.

Whether allowed to the claimant in his official or in his individual capacity, the return claims that the allowance by the board of police was without authority of law, and was, therefore, not a legal claim upon the county.

Admitting the legality of the consideration and the war-rant, yet the return insists that the claimant had mistaken his remedy, a point not well taken. 42 Miss., 238; 28 ib., 38; 44 ib., 383; 9 S. & M., 77, etc.

The return then sets out the existence of the war for the separation of the Union, and states, specifically, that "the en-tire amount of said tax assessed, levied and collected was for the use of said war and in support of said government, against the government of the United States." Upon the record in this case there may be submitted a few sugges-tions which seem, upon the facts presented, to be conclusive in support of the judgment of the circuit court.

1. Art 161, Code of 1857, p. 132, directs that no court shall be authorized to make any allowance payable out of the county treasury, *unless the same be provided for by some act of the legislature,* and when any allowance shall be made by any court to any of its officers or other person, payable out of the county treasury, the clerk of such court shall make out a fair copy of the account so allowed, and of

the order allowing the same, certified under his seal of office, and reciting therein under what statute it was made ; and if the treasurer shall have doubt of the propriety of any allowance made as aforesaid, he shall not pay the same, but shall report it to the next term of the board of police for consideration.

2. By article 30, page 418, Code of 1857, it is further provided, that boards of police shall direct the appropriation of the money that may come into the treasury of their respective counties, but shall not appropriate the same to any object not authorized by law.

3. It does not appear whether the amount over-paid to the treasurer was by him converted to his own use, or devoted to the payment of the debts of the county, upon which the circuit court might well have considered there depended an important argument.

4. The amount overpaid was undoubtedly in Confederate currency.

5. Being taxes for the support of the war, as stated in the return, which must be taken as true on the motion for a peremptory writ, (9 S. & M., 77 ; 42 Miss., 237 ; 44 ib., 393), the legality of the allowance may be very seriously questioned, and affords conclusive ground for its non-payment now.

6. All of the adjudications on this class of questions show that in each particular case, the consideration of the warrant, and the action of the board upon the whole subject, were inquired into, at least sufficiently, to put the court in possession of the facts, as a basis of adjudication. 45 Miss., 651 ; 42 ib., 237 ; 28 ib., 38.

7. In the absence of full information, which may have been known to and influenced the decision of the court below, being a court of competent jurisdiction, presumptions in favor of the judgment may be indulged in when necessary.

Judgment affirmed.