TOWN OF MOUNT DORA v. LUTHER C. GREEN.
158 So. 131.
Opinion Filed September 11, 1934.
Rehearing Denied November 7, 1934.

*Shackleford, Ivy, Farrior & Shannon, Robert W. Shackleford* and *Thomas H. Cooley,* for Appellant;

No appearance for Appellee.

BUFORD, J. —Luther C. Green filed a bill of complaint, the purpose of which was to enjoin the Municipality of Mount Dora, Florida, from setting up or pleading the statute of limitations as contained in the charter of the Town as a

defense in an action at law brought by the said Green to recover damages for injuries received by reason of the alleged negligence of such municipality.

The particular section of the charter the benefits of which this suit was instituted to prevent the municipality from deriving the advantage of, was Section 15 of the Charter Act which was Chapter 10866 of the Special Acts of 1925, to-wit:

"That suit on all causes of action whatsoever, kind or nature, accruing against the Town of Mount Dora shall be instituted within twelve months after the cause of action accrues."

It was alleged in the bill of complaint that action at law was not filed within twelve months after the cause of action accrued, but it was alleged that the suit was not filed within the twelve months because of certain negotiations and representations which were carried on between plaintiff in that suit and one Lamoreux, who was a local agent of New Amsterdam Casualty Company which company was bound by the terms of a policy of insurance issued by it to the Town of Mount Dora to indemnify the Town of Mount Dora against any liability it might sustain by reason of inflicting personal injuries by negligence and that in connection with this incident the said Lamoreux acted as the agent and representative of the Town of Mount Dora. The theory of the suit was, and is, that the Town of Mount Dora was estopped from setting up the statute of limitations contained in its charter as a defense against this cause of action because of the representations and negotiations made and entered into by and between the injured person and Lamoreux, the agent of the municipality.

Much appears in the record and in the brief filed by the appellant concerning what Lamoreux did, or did not do, and concerning the extent of his authority as agent for the

municipality or as to whether or not he was an agent of the municipality.

A number of questions of law are presented for our determination, but we think there is one controlling question presented and that it is not necessary to discuss any others attempted to be presented.

The controlling question presented here is whether or not an agent of a municipality without being thereunto authorized by a statute, may by express agreement or by conduct waive the right of the municipality to interpose its defense of statutory limitation against the enforcement of a cause of action, or, in other words, whether or not a municipality may be estopped from pleading the statute of limitations by reason of the conduct or express agreement of an agent of limited authority whose action in that connection is not specifically authorized by statute.

There is serious doubt in our minds as to whether or not the statutory governing authority of a municipality may by official action in that regard waive the right to plead the statute of limitations set up in the charter where the right is only permissive, unless the right to so waive the statute of limitations be authorized by statute. However, that question is not presented here and we do not determine it.

It is clear to us, however, that no conduct of any person or persons possessing less authority than the governing power of the municipality may by express agreement or by conduct, unless thereunto specifically authorized by statute, waive the duty of the municipality to plead the statute of limitations where the statute is mandatory.

It may be observed that the charter of a municipality is to the municipality what the Constitution is to the State. In a legislative charter the State both grants and withholds powers to and from the municipality and by its provisions

protects and safeguards the rights of the public as well as of the individuals who may be affected.

In the charter provision here under consideration the legislature prescribed a mandatory condition to be observed by those who might seek to enforce claims by suits against the municipality. One purpose was to protect the public as represented by citizens and taxpayers of the municipality from the expense incident to the defense of stale claims.

This mandatory provision may not be respected or ignored at the will of the municipal officers and agents. It may not be set aside to favor some and invoked to hinder others, but it is the controlling law and it is the duty of the municipality to invoke it in all cases. That duty cannot be waived or its performance estopped by the conduct of an officer or agent without legislative authority.

A mandatory statute of limitations and a mandatory requirement of presentation of notice as a condition precedent to the right to maintain an action stand on much the same ground.

McQuillin in his treatise on Municipal Corporations, Vol. 6, paragraph 2889, referring to requirements that notice be given as a condition precedent to the right to maintain the action, says:

"The waiver of the requirement is not sanctioned, although certain defects in the notice given may be waived, as contradistinguished from waiver of absence of notice. The general rule is that even the municipality itself cannot waive a compliance with such a requirement, although as to the latter the authorities are conflicting. Plaintiff's submission to an examination and filing the results with the corporation counsel, it has been held, is not a waiver or substitute for the written notice required by law. And knowledge of the facts relating to the injury, it has been held, will not avail a plaintiff as a waiver of the condition

precedent, namely, sufficient written notice as the law requires."

In Trowbridge v. Schmidt, reported 34 Sou. 84, the Supreme Court of Mississippi said:

"We have a statute (Code 1892, No. 2755) as follows: '2755 (2685) Completion of limitation extinguishes right. The completion of the period of limitation herein prescribed to bar any action shall ·defeat and extinguish the right as well as the remedy; but the former legal obligation shall be sufficient consideration to uphold a new promise based thereon.' We find the following in Dillon on Municipal Corporations, Vol. 1 (4th Ed.) No. 504 (412): 'Defenses. A Municipal Corporation *is not estopped* after a warrant upon its treasury has been issued, to set up the defense of *ultra vires or fraud or want or failure of consideration.* And it may maintain a *bill in equity* to cancel warrants illegally issued. Taxpayers may enjoin the issue of illegal warrants or scrip.' The italics are those of the text. It is indisputable that a municipal board cannot lawfully give away public money. It is certain, also, that a former liability extinguished by the bar of the statute of limitations is no debt. It follows that paying it is giving away public money, and this is *ultra vires* and the treasurer may refuse to pay it. Files v. McWilliams, 49 Miss. 578; Klein v. Board, 51 Miss. 878.

"No question of compromise payment appears in these pleadings. It will be time enough to settle that when it comes. It does appear, however, that a case is pending in the circuit court, and was when the allowance was 'made by the board, involving the very question of the bar of the statute of limitations here set up. Board v. Arright, 51 Miss. 667. There is no similarity between the case before us and the case of. a claim within the power of the board to pay, and duly audited and allowed. It is the plain duty

of a county or municipal board to plead the statute of limitations when it can, under the facts. Such boards are the people's trustees."

In Spring Canyon Coal Co. v. Industrial Commission, 201 Pac. 173, the Supreme Court of Utah said:

"No doubt any person who has the right to interpose the statute of limitations may waive such right. To do that, however, ordinarily, at least implies that the right to waive is personal, and that in waiving it the person doing so acts in a personal capacity and in his own right. In this case, for example, the company, one of the plaintiffs, could waive the right to interpose the statute of limitations as a defense if it chose to do so. It could, however, only waive the right so far as it affected its own rights. Whether the State Insurance Fund could waive the benefits of the statute of limitations presents a different question. That fund is administered by the Industrial Commission as public officials, and hence is administered by them as trustees and not in their own right. The question therefore arises, May the statute of limitations be waived by those officials? It manifestly is their duty to administer the fund in accordance with law, and so as to treat all alike who have a right to participate in that fund. The people in their sovereign capacity have an interest in the State Insurance Fund, and they are entitled to have the same distributed to those only who are legally entitled thereto. To permit the Commission, or any other person having control of that fund, to waive the statute of limitations at will must, in the long run, result in injustice and favoritism, since the statute can be enforced as against A, B and C, and as easily waived in favor of D, E and F. A person or corporation distributing his or its own money may elect to waive the benefit of the statute of limitations in favor of A while he or it may insist upon it as against B without abusing any trust or disregarding a public duty.

A public official may, however, not indulge in such practice without abusing a trust and without bestowing a favor on one which he denies to another. In our judgment where, as here, a fund is to be administered and distributed by public officials, it should be administered and distributed strictly in accordance with law, and to those only who are legally entitled thereto without favor to anyone."

And again in the same opinion the Court said:

"If it is the duty of municipal or county officers to interpose the defense of the statute of limitations where public funds are in question, it certainly is the duty of a State official who is entrusted with public funds to do likewise. If he fails in doing so, he must either disregard the statute of limitations entirely, and thus ignore the law, or he must practice favoritism by enforcing it as against one claimant while he waives it in favor of another. It needs no argument to show that such a practice would be intolerable."

The statute of limitations is akin to the statute requiring notice to be given within a certain period of time as a prerequisite to the right to maintain an action against a municipality.

In a great many jurisdictions it has been held that municipal authorities cannot relieve the giving within a specific time of the written notice required by statute or municipal charter provisions as a condition precedent to the bringing of an action against a municipality for personal injuries sustained by reason of some negligence on the part of the municipality. See Grambs v. City of Birmingham, 201 Ala. 490, 80 Sou. 874; Walters v. Ottawa, 240 Ill. 259, 88 N. E. 651; Touhey v. Decatur, 175 Ind. 98, 32 L. R. A. (N. S.) 350, 93 N. E. 540; Blair v. Ft. Wayne, 51 Ind. Appl. 652, 98 N. E. 736; Starling v. Bedford, 94 Iowa 194, 62 N. W. 674; Rich v. East Port, 110 Me. 537, 87 Atl. 374; Gay v. Cambridge, 128 Mass. 387; Mahoney v. Cohasset,

234 Mass. 284, 125 N. E. 563; Reed v. Kansas City, 195 Mo. App. 457, 192 S. W. 1047; Berry v. Helena, 56 Mont. 122, 182 Pac. 117; Borst v. Sharon, 48 N. Y. Sup. 996; Winter v. Niagara Falls, 190 N. Y. 198, 123 Am. St. Rep. 540; 82 N. E. 1101; Pinder v. Salisbury, 160 N. C. 363, 76 S. E. 228; Batchelor v. White, 28 R. I. 466, 68 Atl. 320; Lansden v. Jackson, 142 Tenn. 650, 222 S. W. 2; Hoyle v. Putnam, 46 Conn. 56; Gregg v. Wethersfield, 55 Vt. 385.

In the case of Nuveen v. City of Quincy filed here on June 20th, 1934, we said:

"Chapter 9057, Acts of 1921, merely empowers the City of Quincy to restore and repay the consideration it received for $10,000.00 school building bonds with interest; 'and without restricting such payment to any particular fund or source, said city is especially empowered to make such repayment from the proceeds of any sale it may make of the school property acquired in part by the proceeds of the said bonds.' The statute does no more than to authorize the city to restore a consideration it has received with interest thereon and to relieve the city of the legal duty to plead the statute of limitations in the premises. The city has pleaded the statute of limitations, and it is a defense to this action; but it leaves the obligation unsatisfied with statutory authority to repay the amount received with interest thereon. Section 3, Chapter 9892, Acts of 1923, does not change such situation."

While we did not in that case hold that the statute of limitations could not be waived, we did hold, in the language above quoted, that the legal duty of the city to plead the statute of limitations might be abrogated by a subsequent statute and that the city might be relieved from the legal duty to plead the statute of limitations, but we also held that although it was relieved of the legal duty to plead the statute of limitations by legislative enactment still the right

to plead the statute of limitations remained and that when the city pleaded the statute of limitations it constituted a good defense.

Having reached the conclusion that the right of a municipality to plead the statute of limitations cannot be waived by an agent of limited authority, either by express terms or by any conduct which would amount to an estoppel, it becomes unnecessary to discuss other questions of law are sought to be presented in this case.

For the reasons stated, the decree appealed from is reversed with directions that the amended bill of complaint be dismissed.

WHITFIELD, ELLIS and TERRELL, J. J., concur.

DAVIS, C. J., and BROWN, J., concurs specially.

BROWN, J. (concurring).—It would seem that the motion to dismiss the bill might also well have been granted upon the ground that there was an adequate remedy at law. The matters alleged in the bill—if they had been well founded in equity—could have been asserted in the action at law by way of equitable replication to the city's plea of the statute of limitations, if and when interposed. See Section 4302, Compiled Gen. Laws of 1927.

DAVIS, C. J., concurs.

## ON REHEARING.

*Macfarlane, Pettingill, Macfarlane & Fowler,* for Appellee.

PER CURIAM.—In this case after opinions were filed on September 11, 1934, the appellee filed motion for rehearing and, because of certain allegation appearing in the motion, the Court made an order allowing oral argument on the petition for rehearing. Such oral argument was heard on October 9, 1934.

We have further considered the record in connection with the arguments heard as above stated with the result that we find no good reason to modify or change the opinions and the judgment heretofore rendered.

The petition for rehearing is, therefore, denied.

So ordered.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

DAVIS, C. J., and BROWN, J., concur specially.

DAVIS, C. J. (concurring).—I concur in denying the petition for a rehearing solely on the ground stated by me in my concurrence in the original result in this case. I have no doubt that upon equitable considerations the pleading of the statute of limitations may be enjoined and that this rule applies to municipalities the same as to others. Public honesty and integrity is just as sacred in the law, or should be, as private honesty and integrity. However, I think our statute allowing equitable replications makes an injunction unnecessary and that for this reason the bill should have been dismissed. Section 4302 C. G. L. Otherwise I think the judge below was correct in the view he took of this case.

BROWN, J., concurs.