60 So.2d 774 (1952)
TOWN OF MIAMI SPRINGS
v.
LASSETER et al.
Supreme Court of Florida, en Banc.
August 5, 1952.
Rehearing Denied November 4, 1952.
George J. Baya, Miami, for appellant.
Worley, Gautier & Dawes, Miami, for appellees.
THOMAS, Justice.
This action arose from a collision between a car driven by the appellee wife and a truck operated by a city employee. In the complaint it was charged that the wife's injuries resulted from the negligence of the truck driver, averred that "proper written notice of the accident" was given to the defendant, and that the defendant "through its representatives" had investigated the "accident" and conferred with the plaintiff about it.
The charter of the town of Miami Springs provides that "No suit shall be maintained against the Town * * * for any tort, unless it shall be made to appear that the damage alleged is attributable to negligence of the town, and that written notice of such damages, was within thirty days * * * given to the Town Attorney with such reasonable specification as to time and place and witnesses as would enable the town officials to investigate the matter; * * *."
The obvious purpose of such a charter requirement is to put the municipality on notice that it will be faced with a claim so that the proper officers may investigate the incident while it is fresh in the minds of those who are familiar with it.
This notice is a condition precedent to the right to maintain an action, and its dignity *775 and importance were recognized by this court when it announced that the notice was on the same plane with the statute of limitations and the latter could not be waived by conduct of one possessing less than governmental authority, unless expressly authorized by statute. Town of Mount Dora v. Green, 117 Fla. 385, 158 So. 131. The court was dealing there primarily with the statute of limitations, but we now subscribe to what was said about the importance of the statutory provision for notice.
The appellee concedes in his brief that municipal authorities may not, under our decisions, waive entirely the giving of notice but insists that they may waive defects in form and manner of service as, he contends, was done in the present situation. To support the position he directs us to our opinion in Kibbe v. City of Miami, 103 Fla. 793, 138 So. 371, 372, containing the statement that "while municipal authorities may not have the legal right to waive entirely the giving of any notice as required by the charter, that they nevertheless have the right to waive a mere defect in the manner of form in which the notice is given." We have italicized the last three words. In that case written notice was given the city manager upon request of the city attorney who was first consulted and who later received a copy from the manager. But it does not follow that every means of getting information about an impending claim to someone or other connected with the municipality will suffice despite the clear command of the charter.
Let us examine now the procedure followed by the appellees prior to institution of this action. The husband telephoned the town clerk the day the accident occurred and reported what had happened. The clerk referred the husband to the town's liability insurance carrier. Following that advice an insurance adjuster called on the wife who dictated to him a statement of the circumstances of the mishap. It was recorded in longhand, was signed by no one, was addressed to no one.
The appellees assert that this unsigned statement written by the representative of an insurance company, whom they choose to call an agent of the town, amounted to a substantial compliance with the requirements of the charter. Such a construction would, in our opinion, stretch the language of the charter act out of all proportions. To concur in such a view we would have to ignore the prerequisite of serving the statement on the town attorney who seems to have been completely circumvented. We would have to conclude that a statement recorded by a representative of an insurance carrier, though not even signed by the claimant, constituted the "written notice" required by the statute simply because it was a writing, although not by her, or even her agent, but by one whom she now says was an agent of the city. And we would be compelled to recognize the adjuster as possessing some authority to act for the city, presumably vested with it by the city clerk, who, himself, had no authority to receive the notices.
All this would amount to holding that in spite of a clear, specific requirement of the charter, some other method could be substituted as long as the city eventually learned of a threatened claim. This would go much farther than we have gone in holding that "mere" defects in form or manner of service might be overlooked. In the circumstances of this case there was no act on the part of the appellees, or either of them, that could be dignified as a notice and service of notice the law commands before entitling one to sue.
This view may appear technical and harsh, but it must be remembered that cities "From their very nature * * * need not be placed in the same category as private corporations or persons. They are created for the benefit of the community as a whole, not for the financial gain of the individual citizens. Any profit from proprietary or corporate operations does not find its way into the pockets of these individual citizens but into the public treasury. By the same token, any judgment against the city is paid from that source, and if the treasury is deficient, taxes must be levied to replenish it. A legal controversy between an individual and a private corporation affects only the litigants; a controversy between an individual or private corporation and a municipality affects all taxpayers *776 within the municipality." Martineau v. City of Daytona Beach, Fla., 47 So.2d 538, 539.
There was such failure to comply with the law that appellees should not recover. Having this view there is no reason to discuss the matter of damages.
Reversed.
SEBRING, C.J., MATHEWS, J., and MURPHREE, Associate Justice, concur.
TERRELL, CHAPMAN and ROBERTS, JJ., dissent.
TERRELL, Justice (dissenting).
I think notice was substantially given.