65 So.2d 71 (1953)
OLIVIER
v.
CITY OF ST. PETERSBURG.
Supreme Court of Florida, en Banc.
February 13, 1953.
On Rehearing April 14, 1953.
*72 Charles J. Schuh & Sons and James T. Smith, St. Petersburg, for appellant.
Lewis T. Wray, Harry I. Young, Frank D. McDevitt and Adrian S. Bacon, St. Petersburg, for appellee.
DREW, Justice.
Roberta M. Olivier sued the City of St. Petersburg charging that because of its failure to maintain its streets in a safe condition, her child was killed. The amended complaint stated that "on the 7th day of September, 1951, the City of St. Petersburg was given proper notice as required by the Charter of the City of St. Petersburg, Florida, of the time and place of the accident and of the injury to plaintiff's son." The defendant city admitted it had received the notice which is set forth in the opinion and order of the lower court, infra, but denied "that said notice was a proper notice, that it complied with applicable provisions of law and that it notified this defendant of the time and place of the accident of plaintiff's son.
Motion was duly made by the city for summary final judgment because of the failure to give proper notice and the lower court upon consideration thereof rendered an "opinion, order and final judgment" which, due to the full treatment of the subject, we quote in full:
"Opinion, Order and Final Judgment
"This cause coming on this day to be heard on defendant's motion for a summary final judgment and after argument of counsel, it appears to the Court that:
"This is a suit for personal injuries to one Roger R. Vaughn, instituted by his mother, the plaintiff, Roberta M. Olivier. The complaint alleged the injury to Roger Vaughn occurred on the 20th day of July, 1951, at 34th Avenue North near 23rd Street North in the City of St. Petersburg.
"Chapter 18,896, Special Acts of 1937, provides: `that no suit shall be instituted or maintained against the City of St. Petersburg, Florida, for damages arising out of any personal injury unless written notice of such claim or injury is within sixty (60) days from the date of receiving alleged injury, given to the City Manager of the City of St. Petersburg with specifications as to the time and place of said alleged injury.'
"The pleadings disclose that notice dated September 7, 1951, was received by the City Manager of the injury to Roger Vaughn. The notice being as follows:
 "`September 7, 1951
"`Hon. Ross Windom
 City Manager
 St. Petersburg, Florida.
"`Dear Sir:
"`This is to advise you that we represent Roger Robert Vaughn, sometimes known as Calvin Robert Vaughn, who lives at 788-44th Avenue North, St. Petersburg.
"`This young man was seriously injured when a motor scooter upon which he was riding, at approximately 9:40 P.M., July 20, 1951, was thrown from under him by a defect in the street caused by resurfacing of the street.
"`The said Roger Robert Vaughn, by and through his legal guardian, will bring *73 an action against the city for damages and injuries he received because of this city's negligence.
 "`Respectfully
 (Signed) Maurice R. Schuh' 
 Maurice R. Schuh
"The defendant by answer attacked the sufficiency of said notice as to the place of injury, and filed motion for summary judgment, attaching thereto affidavit by the City Manager of the notice received by the City of St. Petersburg as above set forth.
"While the notice complies fully with the statutes in regard to the time, it is completely silent in regard to the place of said accident.
"It is contended by the plaintiff that since the notice stated that the injury `was caused by resurfacing of the street' this would be adequate for the city to have determined where the work was in progress on the date alleged. This argument, however, cannot stand in view of the fact that the defendant City of St. Petersburg is a large city and has many miles of street and is constantly repairing and resurfacing the various streets within its limits. The notice could not therefore be construed to be even substantial compliance with the provisions of the Statute, but in non-compliance with the requirements that specifications as to place be given.
"The plaintiff does not set up any facts or circumstances that would excuse the lack of specifications as to the place of said accident in said notice or that could be said to constitute a waiver of notice by the defendant city or any official of said city.
"It is therefore the opinion of this Court that the motion for summary judgment is well taken and should be granted and that final judgment be rendered by this Court in favor of the defendant and against the plaintiff. It is so ordered.
"Now therefore, it is ordered and adjudged that final judgment be and the same is hereby entered for the defendant and against the plaintiff and that plaintiff have and recover nothing by this suit."
Subsequent to the date of the appeal in this cause, two cases have been decided by this Court pertaining to the question presented. They are Town of Miami Springs v. Lasseter, Fla., 60 So.2d 774, and Aspey v. City of Hollywood, Fla., 60 So.2d 726.
In the case of Town of Miami Springs v. Lasseter, supra, we held that notice to an insurance adjuster for a company which carried the liability insurance for the city in the manner there described was not a substantial compliance with a charter provision calling for notice to the City Attorney. In the case of Della M. Aspey and Verne L. Aspey v. City of Hollywood, supra, our records show that within four days after the accident the husband of the injured party, knowing of the provision of the City Charter requiring notice to be given the City Attorney, went to the City Manager's office for the purpose of informing the city of the accident, and was there informed that a written report of the accident, with photographs and witness statements had been made and forwarded to the City Attorney (by the Police Department) and that plaintiff relied upon this as notice; that the City Attorney actually received such notice and made a further investigation. We held that such was not a compliance with the Charter provision requiring that written notice be given the City Attorney. The reasoning in these cases is clearly applicable to the question presented on this appeal, and, therefore, on the authority of these cases, the judgment below is affirmed.
Affirmed.
THOMAS, SEBRING and MATHEWS, JJ., concur.
HOBSON, C.J., and TERRELL and ROBERTS, JJ., dissent.
ROBERTS, Justice (dissenting).
The principal issue here is the constitutionality of the following provision of the City Charter of the City of St. Petersburg: "That no suit shall be instituted or maintained against the City of St. Petersburg, Florida for damages arising out of any personal injury unless written notice of such claim or injury is within sixty days *74 from the date of receiving alleged injury, given to the City Manager of the City of St. Petersburg with specifications as to the time and place of said alleged injury." Chapter 18896, Laws of Florida, Special Acts of 1937.
In Crumbley v. City of Jacksonville, 102 Fla. 408, 135 So. 885, 138 So. 486, the constitutionality of a similar Act was attacked on the ground that it violated those provisions of our State and Federal Constitutions which in effect forbid class legislation and which guarantee the equal protection of the laws. Const.Declaration of Rights, § 12, and Article 3, § 21; Const. U.S.Amend. 14. This court held in that case that the Act was immune to such an attack. In the instant case, however, the constitutionality of the Act is questioned on the ground that it violates Section 20 of Article 3 of our Constitution, which question has never been determined by this court.
Section 20 of Article 3 forbids the passage of special or local laws in the cases enumerated in such section, including "regulating the practice of courts * * * except municipal courts". There can be no doubt that the Act in question is a special or local law, and the only question, then, is whether the above-quoted provision of the Act purports to "regulate the practice of courts."
In Skinner v. City of Eustis, 147 Fla. 22, 2 So.2d 116, 135 A.L.R. 359, we held that a provision in the charter of the City of Eustis requiring actions against the city to be instituted within six months after the cause of action accrued was violative of Article 3, Section 20, as an attempt to regulate the practice of courts. While statutes requiring notice as a condition precedent to suit against a municipality or other governmental agency are not, strictly speaking, statutes of limitation, the end result is the same, since this court has held that failure to file the notice within the prescribed period is an absolute bar to suit, and that such defense cannot be waived by the city officials. Town of Miami Springs v. Lasseter, Fla., 60 So.2d 774.
Much of what was said in the Skinner v. City of Eustis case is relevant to a determination of the question here before us. In that case, the court defined "practice" as "the method of conducting litigation involving rights and corresponding defenses", and stated that, in enacting a special statute of limitations for the City of Eustis, "* * * the practice of courts of justice is affected. The legislature singled out this city and granted to it a defense which, when proven, would bar the enforcement of the plaintiff's right of action whether it arose from the city's activity in a governmental or a proprietary capacity." (Italics ours.) The same thing could be said of the provision of the charter of the City of St. Petersburg here in question.
Again, this court said in the Skinner v. City of Eustis case that "If such a provision is valid it would be possible for the legislature to include in every charter granted by special law a different statute of limitations", and that "The enactment of the charters of the municipalities of the state containing various statutes of limitations would necessarily produce total lack of uniformity in the defenses presented by those cities, even in causes of action that were identical, and in view of the effect of proving such statutes it seems to us that inconsistency in the administration of justice would be the outcome that was meant to be avoided." The analogy between the effect of upholding the validity of the provisions of the City of Eustis charter there considered and the provisions of the City of St. Petersburg charter here considered, is immediately apparent. Similarly, as in that case, it can well be said in the instant case that "in our own interpretation such provision refers to practice in a court of justice when the city becomes a litigant there and would give it advantage over other defendants even though the suit grew out of an activity proprietary, as distinguished from governmental, in character."
It is the opinion of the writer, then, under the authority of Skinner v. City of Eustis, supra, and by analogy thereto, that to uphold the validity of the provision of the charter of the City of St. Petersburg here in question would result in a lack of uniformity in the practice in courts of justice intended to be preserved by Section 20 *75 of Article 3 of our constitution, and that such provision is therefore violative of that organic command.
It should be noted that this opinion holds only that a special or local law requiring notice as a condition precedent to suit against a municipality is invalid; and there can be no doubt that a general law, applicable to all the cities and towns of this state, would be upheld as a reasonable classification, under the authority of Crumbley v. City of Jacksonville, supra.
I would reverse the judgment of the court below.
HOBSON, C.J., concurs.

On Rehearing
DREW, Justice.
The petition for rehearing earnestly insists that we overlooked and did not decide the contention of appellant that the sixty day notice required by the Charter of St. Petersburg referred to in the opinion violated section 20 of Article III of the Florida Constitution which, among other things, prohibits the passage of local laws which regulate the practice of courts. We did not overlook this contention. Mr. Justice ROBERTS' dissenting opinion directly discussed the proposition and it was his view that the sixty day notice period did offend that Section.
The purpose of Acts of the kind here considered is to notify the city that a person has been injured so that the city will have a reasonable opportunity to investigate the matter, determine the question of liability and effectuate a settlement, if one is justified. Primarily, its purpose is to avoid litigation and the incident expense thereof. We see no relation between such an act and one regulating the practice of courts.
In Crumbley v. City of Jacksonville, 102 Fla. 408, 135 So. 885, and Crumbley v. City of Jacksonville, 102 Fla. 408, 138 So. 486 (second case), we held a similar provision in the Jacksonville Charter constitutional as against an attack there made. See also Stallings v. City of Tampa, 78 Fla. 606, 83 So. 625, and High v. City of Jacksonville, 51 Fla. 207, 40 So. 1032, which are discussed in the Crumbley opinion on rehearing.
It is our view that the provision does not offend section 3 of Article 20 of the Florida Constitution and is a valid provision of the Charter of St. Petersburg.
The judgment of affirmance is adhered to.
THOMAS, SEBRING and MATHEWS, JJ., concur.
ROBERTS, C.J., and TERRELL and HOBSON, JJ., dissent.
ROBERTS, Chief Justice (dissenting).
The principal issue here is the constitutionality of the following provision of the City Charter of the City of St. Petersburg: "* * * no suit shall be instituted or maintained against the City of St. Petersburg, Florida for damages arising out of any personal injury unless written notice of such claim or injury is within sixty days from the date of receiving alleged injury, given to the City Manager of the City of St. Petersburg with specifications as to the time and place of said alleged injury." Chapter 18896, Laws of Florida, Special Acts of 1937.
In Crumbley v. City of Jacksonville, 102 Fla. 408, 138 So. 486, the constitutionality of a similar Act was attacked on the ground that it violated those provisions of our State and Federal Constitutions which in effect forbid class legislation and which guarantee the equal protection of the laws. Const. Declaration of Rights, § 12, and Article 3, § 21; Const.U.S. Amend. 14. This court held in that case that the Act was immune to such an attack. In the instant case, however, the constitutionality of the Act is questioned on the ground that it violates section 20 of Article 3 of our Constitution, which question has never been determined by this court.
Section 20 of Article 3 forbids the passage of special or local laws in the cases enumerated in such section, including "regulating the practice of courts of justice, except municipal courts". There can be no doubt that the Act in question is a special *76 or local law, and the only question, then, is whether the above-quoted provision of the Act purports to "regulate the practice of courts."
In Skinner v. City of Eustis, 147 Fla. 22, 2 So.2d 116, 135 A.L.R. 359, we held that a provision in the charter of the City of Eustis requiring actions against the city to be instituted within six months after the cause of action accrued was violative of Article 3, section 20, as an attempt to regulate the practice of courts. While statutes requiring notice as a condition precedent to suit against a municipality or other governmental agency are not, strictly speaking, statutes of limitation, the end result is the same, since this court has held that failure to file the notice within the prescribed period is an absolute bar to suit, and that such defense cannot be waived by the city officials. Town of Miami Springs v. Lasseter, Fla., 60 So.2d 774.
Much of what was said in the Skinner v. City of Eustis case is relevant to a determination of the question here before us. In that case, the court defined "practice" as "the method of conducting litigation involving rights and corresponding defenses", and stated that, in enacting a special statute of limitations for the City of Eustis, "* * the practice of courts of justice is affected. The legislature singled out this city and granted to it a defense which, when proven, would bar the enforcement of the plaintiff's right of action whether it arose from the city's activity in a governmental or a proprietary capacity." (Italics ours.) The same thing could be said of the provision of the charter of the City of St. Petersburg here in question.
Again, this court said in the Skinner v. City of Eustis case that "If such a provision is valid it would be possible for the legislature to include in every charter granted by special law a different statute of limitations", and that "The enactment of the charters of the municipalities of the state containing various statutes of limitations would necessarily produce total lack of uniformity in the defenses presented by those cities, even in causes of action that were identical, and in view of the effect of proving such statutes it seems to us that inconsistency in the administration of justice would be the outcome that was meant to be avoided." The analogy between the effect of upholding the validity of the provisions of the City of Eustis charter there considered and the provisions of the City of St. Petersburg charter here considered, is immediately apparent. Similarly, as in that case, it can well be said in the instant case that "in our own interpretation such provision refers to practice in a court of justice when the city becomes a litigant there and would give it advantage over other defendants even though the suit grew out of an activity proprietary, as distinguished from governmental, in character."
It is the opinion of the writer, then, under the authority of Skinner v. City of Eustis, supra, and by analogy thereto, that to uphold the validity of the provision of the charter of the City of St. Petersburg here in question would result in a lack of uniformity in the practice in courts of justice intended to be preserved by section 20 of Article 3 of our constitution, and that such provision is therefore violative of that organic command.
It should be noted that this opinion holds only that a special or local law requiring notice as a condition precedent to suit against a municipality is invalid; and there can be no doubt that a general law, applicable to all the cities and towns of this state, would be upheld as a reasonable classification, under the authority of Crumbley v. City of Jacksonville, supra.
I would reverse the judgment of the court below.
HOBSON, J., concurs.