85 So.2d 825 (1955)
David BUCK, a minor, by his next friend and father, Norman Buck; and Norman Buck, Individually, Appellants,
v.
CITY OF HALLANDALE, a municipal corporation, Appellee.
Supreme Court of Florida. En Banc.
December 2, 1955.
Rehearing Denied March 27, 1956.
Varon & McMorrough, Hollywood, for appellants.
Wicker & Smith, Miami, for appellee.
*826 THOMAS, Justice.
The appellant, Norman Buck for himself and for his minor son, instituted an action to recover damages suffered in a collision between the bicycle the minor was riding and a car alleged to have been owned by R.B. Hitchcock and negligently operated by Dale Eugene Manchester. The City of Hallandale was made a defendant because, so it was charged, a dangerous condition was created at the place of the mishap when an employee of the city negligently operated a city truck in diffusing insecticides, a process commonly known as "fogging".
The circuit judge entered a summary judgment in favor of the city and this appeal followed. Appellant's suit met this fate because of the variance between the notice given the city and the one required by the charter to be served by anyone proposing to hold the city liable for damages flowing from tort. It is expressly provided in the charter that "No suit shall be maintained against the City for damages arising out of any tort unless it shall be made to appear * * * that written notice of such damage was, within thirty (30) days after the receiving of the injury alleged, given to the City Commission with such reasonable specifications as to time and place and witnesses as would enable the City officers to investigate the matter." Section 58, City Charter, Chapter 29108, Laws of Florida, Special Acts of 1953. We have italicized the parts that are relevant to the present dispute.
The appellant alleged that through his attorneys he notified the city "in accordance with Section 58 of the Charter" but our examination of the record convinces us that his assertion is but a conclusion. The so-called notice was signed by an attorney who stated that he represented the minor, and it was addressed to the mayor. In the letter the attorney simply said that his client intended to file suit for injuries sustained by him on a stated day and that the city would be made a defendant.
It will be seen that the letter was hardly an approximation of the notice required in the statute. It was not addressed to the city commission; although the date was given, there was no specification "as to time"; the place was not mentioned; and the requirement with reference to witnesses was ignored.
It is appellant's position that the city attorney had some knowledge of the incident and that a member of the police force had conducted an investigation. He states in the brief that it "is not his sole position * * * that any defect * * * was necessarily waived by the * * * municipality, but * * * that any defect was cured by the actual knowledge possessed by the * * * municipality and its Commission, and by its City Attorney, and by the opportunity to investigate and the actual investigation, or by any combination of these elements in addition to the written notice."
We have often discussed the purpose of such charter provisions and there is no need here for elaboration. Our comments on the subject may be found in Olivier v. City of St. Petersburg, Fla., 65 So.2d 71; Town of Miami Springs v. Lasseter, Fla., 60 So.2d 774; Crumbley v. City of Jacksonville, 102 Fla. 408, 135 So. 885, 138 So. 486. But we cannot agree that because the object of including such a provision in a charter is to afford the authorities an "opportunity to investigate the matter, determine the question of liability" and consider settlement, as was written in the Olivier case [65 So.2d 75], such a requirement may be disregarded if it can be shown that the opportunity offered, or certain information was obtained, irrespective of the notice. That would lead us to the conclusion that compliance with the charter provision could be only a gesture and that, after all, the issue would be determined upon evidence of what the city discovered or, perhaps, could have discovered. We are not disposed to take such liberties with a legislative enactment.
We decide that there was not substantial compliance with the charter provision *827 and that the condition precedent to the right to institute the action, Town of Miami Springs v. Lasseter, supra, having failed, the complaint was properly dismissed.
In his second question the appellant challenges the validity of the charter provision making the notice a prerequisite to suit, on the ground that by a special act, the practice in courts of justice was attempted to be regulated in violation of Section 20, Article III of the Constitution. We answer the question by simply remarking that in Olivier v. City of St. Petersburg, supra, the precise point was determined to the contrary.
The judgment is 
Affirmed.
DREW, C.J., and THORNAL and O'CONNELL, JJ., concur.
TERRELL, ROBERTS and HOBSON, JJ., dissent.
HOBSON, Justice (dissenting).
I cannot agree with the conclusion reached in the opinion prepared by Mr. Justice THOMAS because it appears to me that, although the notice given the city by the appellants was technically defective, the purpose of the charter provision which required the notice was abundantly fulfilled.
In Olivier v. City of St. Petersburg, Fla., 65 So.2d 71, at page 75, it was stated:
"The purpose of Acts of the kind here considered [cognate section of the St. Petersburg charter] is to notify the city that a person has been injured so that the city will have a reasonable opportunity to investigate the matter, determine the question of liability and effectuate a settlement, if one is justified."
In accord, see Town of Miami Springs v. Lasseter, Fla., 60 So.2d 774, and Crumbley v. City of Jacksonville, 102 Fla. 408, 135 So. 885, 138 So. 486.
The Hallandale charter codifies this rule in requiring such notice "as would enable the city officers to investigate the matter."
There is proof in this record that the city officials did in fact investigate the accident down to its minute details. The deposition of the mayor of Hallandale shows that he knew of the place where the accident occurred the same day it happened. The fact that the notice was addressed to the mayor I regard as a sufficient compliance with the charter provision, for notice to the mayor should constitute notice to the city commission.
At a special meeting of the city commission the city attorney called the attention of that body to the fact of the accident and told the commissioners that there had been an investigation of it by the city police department. He also told them that notice of such accident had been served upon himself as city attorney, upon the city clerk, and upon the mayor. This is proved by an affidavit of a member of the commission, filed in opposition to the motion for summary judgment. A comprehensive accident report was in the records of the defendant municipality, readily accessible to the commissioners.
From these facts it is perfectly clear that the city had an opportunity to investigate the accident and availed itself of this opportunity, and that the notice was significant merely as a formal declaration by the plaintiffs that they intended to assert their rights. It is not disputed that the notice was timely filed.
In Olivier v. City of St. Petersburg, supra, 65 So.2d 71, the notice had stated that the injury was caused by the resurfacing of a street, and was otherwise silent as to the place of the accident. It was contended that the city should have known the location of such work on the date given in the notice. We took judicial notice of the fact that St. Petersburg is a large city with miles of street, which it is constantly repairing *828 and resurfacing. We held, therefore, that the notice could not be construed as substantially complying with the charter provisions because the city could not be expected to determine the location of the accident on the basis of such notice. In the instant case these considerations are reversed, because the City of Hallandale is comparatively quite small, which fact is undoubtedly responsible for the thorough knowledge of this accident which the city officials are proved to have had.
In Town of Miami Springs v. Lasseter, Fla., 60 So.2d 774, we held that notice to an insurance adjuster did not comply with the charter requirement, and, to reach the opposite result, "we would be compelled to recognize the adjuster as possessing some authority to act for the city, presumably vested with it by the city clerk, who, himself, had no authority to receive the notices." That is not the case here.
In Crumbley v. City of Jacksonville, supra, 135 So. 885, we held that the city had waived defects in the notice by proceeding to reject the claim without requiring greater particularity. It appeared in that case that the city attorney and city commission had fully investigated the matter and that the claim had been rejected on the merits within the notice period.
In the instant case it appears that no affirmative action whatever was taken by the city either before or after the notice period had run. Although the situation here presented may not amount technically to waiver under the Crumbley case, I think that the circumstances I have outlined above are even more favorable to appellants' position.
Since on this motion for summary judgment the uncontroverted allegations of the complaint and the uncontroverted affidavit must be taken as true, I think the resultant combination of circumstances sufficient to constitute substantial compliance with the charter provision, and to accomplish the purpose of that provision. It further appears to me that previous pronouncements by this court hereinbefore discussed have been made on clearly distinguishable facts.
I would therefore reverse the judgment appealed from and remand the cause for further proceedings not inconsistent herewith.
TERRELL and ROBERTS, JJ., concur.