ALLEN, Judge.
The appellant, Edith L. O’Connor, was the plaintiff below and filed a suit against the Town of Pass-A-Grille Beach, a municipal corporation, for injuries received by her while she was a passenger on a bus owned by the municipality.
She alleged in her complaint that while she was confined in the hospital, an insurance adjuster who represented the North American Indemnity Company, the liability insurance carrier for the Town of Pass-A-Grille Beach, visited her on two occasions and stated that he intended to see that she would be substantially compensated for what had happened to her, that she should contact the insurance company in New York because a settlement would be made from the New York office, and that she should not get a lawyer as that would delay a settlement.
The plaintiff did not bring suit against the city within the time required by Section 35, Chapter 24800, Special Acts of Florida, 1947, and upon a motion for summary judgment, the circuit judge granted the motion. In his order granting the summary judgment, the court said:
“This cause coming on to be heard upon the defendant’s Motion for Summary Judgment and the court having heard arguments of counsel and having examined the file and the depositions and affidavits on record, it is ordered that said Motion for Summary Judgment be and the same is hereby granted, based upon the authority in Town of Miami Springs v. Lasseter, et al, as set out in [Fla.], 60 So.2d 774; this court finds that there was not a notice sent to the Town of Pass-A-Grille, a municipal corporation, as required by Section 35, Chapter 24800, Special Acts of Florida 1947;’’
*193 The plaintiff, in her opposition to the defendant’s motion for summary judgment, filed an affidavit in which she stated that A. R. Myers, representing Graybill and Myers, Inc., insurance adjusters for the North American Indemnity Company and the Town of Pass-A-Grille Beach, made certain statements to her. She further stated in her depositions that just before leaving for New York she called Mr. Myers on the telephone and he told her things were going along very well and that when she returned to New York a very fair offer would be made to her, and reminded her that she should not see any lawyer because this would hinder the impending settlement.
It is the theory of the appellant’s case that the Town of Pass-A-Grille, a municipal corporation, was estopped under the representations made to her by Myers, to rely on the special act of the city requiring that suit must be brought within 30 days.
A very similar situation was passed upon by the Supreme Court of Florida in Town of Mount Dora v. Green, 1934, 117 Fla. 385, 158 So. 131, 132, where Luther C. Green filed a bill of complaint to enjoin the municipality of Mount Dora from pleading the statute of limitations contained in the town charter as a defense in an action at law brought by Green to recover damages for injuries received by reason of the alleged negligence of such municipality.
The basis of Green’s suit was that a local agent of a casualty company, which indemnified the Town of Mount Dora against any liability, acted as the agent of the Town of Mount Dora, and that it was estopped from setting up the special statute of limitations contained in its charter. In ruling in favor of the city, the Supreme Court, in its opinion, said:
“The controlling question presented here is whether or not an agent of a municipality, without being thereunto authorized by a statute, may by express agreement or by conduct waive the right of the municipality to interpose its defense of statutory limitation against the enforcement of a cause of action, or, in other words, whether or not a municipality may be estopped from pleading the statute of limitations by reason of the conduct or express agreement of an agent of limited authority whose action in that connection is not specifically authorized by statute.
# ‡ ‡ # Sfc ‡
“It is clear to us, however, that no conduct of any person or persons possessing less authority than the governing power of the municipality may by express agreement or by conduct, unless thereunto specifically authorized by statute, waive the duty of the municipality to plead the statute of limitations where the statute is mandatory.”
In the case of Town of Miami Springs v. Lasseter, Fla. 1952, 60 So.2d 774, 775, the Supreme Court had before it another case in which the plaintiff failed to follow the town charter requirement that written notice be given to the town attorney within 30 days.
In the above case, the plaintiff contended that the town was estopped because the husband of the injured plaintiff telephoned the town clerk following the accident and was referred by him to the town’s liability insurance adjuster who also contacted the wife and took her unsigned statement. In its decision reversing the lower court, which had held that the notice was sufficient, the Court said:
“The appellee concedes in his brief that municipal authorities may not, under our decisions, waive entirely the giving of notice but insists that they may waive defects in form and manner of service as, he contends, was done in the present situation. To support the position he directs us to our opinion in Kibbe v. City of Miami, 103 Fla. 793, 138 So. 371, 372, containing the statement that ‘while municipal au *194 thorities may not have the legal right to waive entirely the giving of any notice as required by the charter, that they nevertheless have the right to waive a mere defect in the manner of form in which the notice is given.’ We have italicized the last three words. In that case written notice was given the city manager upon request of the city attorney who was first consulted and who later received a copy from the manager. But it does not follow that every means of getting information about an impending claim to someone or other connected with the municipality will suffice despite the clear command of the charter.
* ‡ ❖ * * *
“ * * * To concur in such a view we would have to ignore the prerequisite of serving the statement on the town attorney who seems to have been completely circumvented. We would have to conclude that a statement recorded by a representative of an insurance carrier, though not even signed by the claimant, constituted the 'written notice’ required by the statute simply because it was a writing, although not by her, or even her agent, but by one whom she now says was an agent of the city. L4nd we would be compelled to recognise the adjuster as possessing some authority to act for the city, presumably vested with it by the city clerk, who, himself, had no authority to receive the notices(Emphasis ours.)
In the instant case, A. R. Myers, whom the plaintiff alleged in her affidavit was the agent of the city, represented Graybill and Myers, Inc., an independent insurance adjuster who was working for the North American Indemnity Company who, in turn, had the insurance coverage for the Town of Pass-A-Grille Beach.
The plaintiff, in her well prepared brief, cites the case of Tillman v. City of Pompano Beach, Fla. 1957, 100 So.2d 53, 55, as authority for reversing the lower court.
In this case the Florida Supreme Court held that a municipality would be estopped to insist upon the requirement of a written notice as a condition precedent to filing suit if the very city officials to whom statutory notice was to be given had had immediate actual notice of the accident and had conducted an investigation of it, and had actively represented through its agents that the city was liable, thus leading the claimant to delay obtaining representation by counsel until the time for filing written notice had run. This decision drew the dissent of three members of the Supreme Court.
Mr. Justice Hobson, speaking for the majority, stated that at the time of the accident the city manager and a member of the city commission were in the vicinity of the accident and promptly visited the scene, interrogated the appellant, and made a full and complete investigation of the collision on the spot. That the appellant, on the day following the accident, reported the accident and his injuries and damages to an agent of the city and that such agent assured the appellant the city was covered by insurance and that the accident would be promptly reported to the city and its insurance carrier; that subsequently various representatives of the city, including the city manager, discussed the accident and appellant’s injuries on numerous occasions, conceding the liability of the city and discussing only the amount of payment due appellant. The Court then stated:
“We conclude that under the peculiar facts of this case the appellee was es-topped to insist upon the requirement of written notice as a condition precedent to filing suit.”
We are of the opinion that the facts in this case are different from those in the case of Tillman v. City of Pompano Beach, supra, and are similar to the facts of Town of Mount Dora v. Green, supra.
*195 We do not find, from reading the opinion in Tillman v. City of Pompano Beach, that the Supreme Court meant to override the case of Town of Mount Dora v. Green, supra.
We affirm the judgment of the lower court.
KANNER, C. J., and SHANNON, J., concur.