CARROLL, Judge.
The appellants in these consolidated appeals were plaintiffs in the circuit court in separate actions for damages against the Town of Bay Harbor Islands resulting from an automobile accident. William Rabino-witz was the driver and William Rabino-witz, Jr. and the Indzells were passengers in an automobile which struck a portion of a drawbridge of the town. While the drawbridge was raised the Rabinowitz car was first in line to cross when the bridge was lowered, and so proceeded when the guard rail was raised and motorists were signaled to cross. However, one side of the bridge did not completely lower and the raised edge was struck by the automobile.
Although the bridge was owned and operated by the town, plaintiffs chose to rely on a statement made by an investigator for the town’s insurance carrier that the bridge was owned by a private corporation, and *584 plaintiffs proceeded to negotiate their claims with insurer’s attorneys as being against such corporation. This went on for several months after which, on learning that the town was the bridge owner, plaintiffs attempted to give written notice to the town as required by the charter, which was then too late.
Section 78 of the town’s charter provided for notice of such claims, as follows:
“No suit shall be maintained against the Town for damages arising out of failure to keep in proper condition any sidewalk, pavement, viaduct, causeway, bridge, street, waterway, or other public place, or for any tort, unless it shall be made to appear that the damage alleged is attributable to negligence of the Town, and that written notice of such damage, within thirty (30) days after receiving the injury alleged, was given to the Town attorney with such reasonable specifications as to the time and place and witnesses as would enable the Town officials to investigate the matter; and no verdict shall in any suit be given for an amount exceeding compensative damages to the plaintiff directly attributable to such negligence on the part of the Town, and contributory negligence on the part of the plaintiff shall defeat all recovery against the Town. It shall be the duty of the Town Attorney, upon receiving any such notice, to at once investigate the matter, and lay the facts, supported by the evidence, before the Town council, in a written report, and the Town council shall have the right, and upon the written request of the person injured, it shall be the duty of the Town council to investigate the matter, and it may, be resolution, make such reasonable settlement of damages as may be agreed upon between the Town council and the person so damaged.”
In actions subsequently filed against the town summary judgment for defendant was granted in each of the two cases, on the ground that the notice requirement had not been complied with, and the correctness of that ruling of the trial court is presented for consideration on these appeals. In holding that the notice requirement was not met, the trial judge was eminently correct, on the authority of Town of Miami Springs v. Lasseter, Fla.1952, 60 So.2d 774. And see Aspy v. City of Hollywood, Fla.1952, 60 So.2d 726 (facts shown 65 So.2d at 73); Olivier v. City of St. Petersburg, Fla. 1953, 65 So.2d 71; Buck v. City of Hallandale, Fla.1956, 85 So.2d 825; Benitez v. Guest Air Lines, Fla.App.1963, 148 So.2d 573 (facts shown 21 Fla.Supp. at 84). Much has been written on this subject and no useful purpose -would be served by attempting a restatement of what was said in the cases cited above.
Briefly, what occurred here was that a police officer arrived shortly after the accident and following his investigation made a written report thereon to the town manager. The following day an investigator employed by the attorneys for the town’s insurer called on the plaintiff driver, obtained the facts and made his report to the insurer’s attorneys. Later the investigator went with the city manager to view the scene of the accident. At a meeting of the town council the manager gave the members a written report of recent happenings which recited this accident, and included a statement that McDonald and McDonald, the insurer’s attorneys, had the case. The town attorney was present at that meeting. As stated above, after several months of claim negotiation with said attorneys plaintiffs learned it was the town and not a private corporation who would be required to respond to any damages.
We must reject, as did the trial court, the contention of the appellants that the facts sufficiently showed either substantial compliance with the town’s notice requirement, or a waiver of notice or an estoppel. The cases of substantial compliance, waiver or estoppel relied on by the appellants are not applicable on these facts. *585 No affirmative action was taken by the plaintiffs toward timely notice,[1] and they were not misled or deterred from so doing by any responsible town official.[2] It was not contended the insured’s investigator purposely misled plaintiffs, but that he and they were mistaken in assuming a corporation rather than the town was responsible.
Accordingly, the judgments appealed from are affirmed.

. Cf. Crumbley v. City of Jacksonville, 102 Fla. 40S, 135 So. 885, 138 So. 486; Monchek v. City of Miami Beach, Fla. App.1959, 110 So.2d 20; Finneran v. City of Lake Worth, Fla.App.1963, 152 So.2d 501.

. Cf. Tillman v. City of Pompano, Fla. 1958, 100 So.2d 53; Brooks v. City of Miami, Fla.App.1964, 161 So.2d 675.