W. B. WOOD COMPANY, A CORPORATION, RESPONDENT, v. IRVING BALSAM, APPELLANT.

Submitted June 6, 1924—Decided October 20, 1924.

1. Persons using a public highway are obliged to observe a lawful obstruction erected therein, and to govern themselves accordingly in its use.
2. A fire escape constructed upon the outside of a building, projecting over a public highway, and placed in strict conformity with the statutory provisions for its erection, is not a private nuisance, and no right of action accrues to the owner of a truck which was damaged by coming in collision with such fire escape.

On appeal from the First District Court of Newark.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Frank A. Boettner* and *Robert D. Grosman*.

For the respondent, *Wolber & Gilhooly*.

The opinion of the court was delivered by

LLOYD, J.   The W. B. Wood Company brought suit in the First District Court of Newark for damages for the injuries sustained by one of its trucks in coming into collision with a fire escape, erected by the defendant, Irving Balsam, on his property at the corner of Mulberry street and Essex court, in the city of Newark.   The District Court judge gave judgment for the plaintiff.   The defendant appeals to this court, alleging as error, among other things, the determination as above.   From the agreed state of the case it appears that Essex court is a public street, and that the Wood company is the owner of a property situated thereon.   That it uses Essex court as a means of shipping its goods.   It further appeared that the department of labor had ordered the fire escape placed where it was located at the time of the collision, and approved it after its completion on September 29th, 1922. The authority of the commissioner is conferred by chapter 64 of the laws of 1904, as supplemented by chapter 214 of the laws of 1911.   Section 3 provides that fire escapes shall conform to the requirements and standards established by that act for new buildings.   Section 6 provides that the fire escape shall be constructed according to specifications to be issued or approved by the commissioner of labor, and shall, as near as practicable, conform to the requirements of the act, and shall consist of outside iron balconies and stairways at each floor above the first, connecting said balconies to the ground, except in the case of a fire escape over a public highway,   *   *   *   when balanced stairs shall con-

nect the lowest balcony to the ground. By the same section, fire escapes may project into a public highway a distance of four feet six inches beyond the building line. Section 11 of the act provides that "such platform shall be located not more than ten feet above the ground."

The truck of the Wood company was ten and one-half feet high, and it was this excess of the height above the fire escape that prevented the truck from passing beneath it. The plaintiff in the court below sought to recover upon the theory that the fire escape, though a lawful structure, constituted a private nuisance, and that by reason of the accident it sustained special damages, and it was sought to bring the case within the principle enunciated on numerous occasions by the courts of this state that though a lawful construction may not become a public nuisance, yet it may become an actionable wrong where special damage to private property is entailed, as in the cases of *Bordentown and South Amboy v. Camden and Amboy Railroad,* 17 *N. J. L.* 314; *McAndrews v. Collerd,* 42 *Id.* 189; *Pennsylvania Railroad v. Angel,* 41 *N. J. Eq.* 316; *Beecher v. Board of Commissioners,* 64 *N. J. L.* 475, but these cases, we think, are inapplicable to the present situation. All of the cases relied upon constitute, in effect, either a destruction or injury to property without just compensation by the otherwise lawful act, or in the doing of an act which was incidental to, though not part of, the authorized structure, whereby injury was sustained. Very different is the case before us. Here, the damage which the plaintiff company sustained was through a collision on the public highway with a structure not only authorized, but required by law, and which the property owner could not avoid placing where it was. Those using the highway were obliged to take cognizance of this lawful construction, and to govern themselves accordingly. There is no vested or property right in the use of the highway which the state cannot circumscribe or curtail. Public highways are changed in their direction and even vacated without liability to the user of the highway, as such, to complain. It must be carefully observed that the claim in this case is not based upon a property right in the

highway by reason of an abutting owner, but for injury to a truck which might as well have belonged to an owner in another city or state. Nor is there here alleged any element of negligence; the sole contention being that the construction itself constituted a private nuisance for which the defendant would be liable.

Our conclusion in the case being to the contrary, it follows that the judgment of the court below must be reversed.