MARY SAMMAK, PLAINTIFF-RESPONDENT, v. LEHIGH VALLEY RAILROAD COMPANY, A CORPORATION OF PENNSYLVANIA, AND LEHIGH VALLEY RAILROAD COMPANY OF NEW JERSEY, A CORPORATION, DEFENDANTS-APPELLANTS.

Submitted May 12, 1933—Decided September 16, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the defendants-appellants, *Collins & Corbin.*

For the plaintiff-respondent, *Edward M. Smalley* and *Victor Ruskin.*

The opinion of the court was delivered by

PERSKIE, J.  The main question involved in this appeal is whether a railroad company which erects, uses, maintains and controls a crossing warning device (a concrete block signal tower) in the center of a public highway a few feet in front of its tracks which crosses a highway, in pursuance to a request granted it by the Public Service Commission (State Division of New York) and the government in which it is located (East Waverly, New York) is liable to one who has sustained damage by reason of the alleged negligent manner in which the obstruction is maintained?

This question arises under the following stipulated and undisputed testimony.  On the misty and foggy night of June 11th, 1930, at about three-thirty A. M., the plaintiff's automobile, driven at a reasonable rate of speed, collided with the signal tower of the defendant company, located in the center of a public highway in East Waverly, New York. The signal lights in the tower light up and flash only at such time as a train approaches the crossing.  The damage of $269.90 is admitted.  The basis of the plaintiff's action is that the structure, although legalized, was maintained by the defendants in a negligent manner, that is, that the failure to equip the tower with a warning light when trains were not about to cross the highway, &c., made it a nuisance. The defense was that the construction and maintenance of the structure was legally authorized by the State Division of the Public Service Commission of the State of New York and the government of East Waverly, New York, where it is located.  That the railroad received the authority as claimed

by it, is admitted. Did this authority relieve it of liability towards the plaintiff in the premises? The court below in the first instance decided that it did. Later, on the return of a rule to show cause why a new trial should not be granted, or, a judgment entered in favor of the plaintiff, the court made the rule absolute, vacated the judgment entered in favor of the defendants and entered a judgment in favor of the plaintiff. The accuracy of that determination is now before us.

In the case of *W. B. Wood Co.* v. *Balsam,* 100 *N. J. L.* 275; 126 *Atl. Rep.* 480 (Supreme Court case), suit was brought on the theory of a private nuisance for damages done to one of plaintiff's trucks by coming into collision with a fire escape projecting over the highway. Under statutory authority the state department of labor ordered, and defendant in compliance thereto, placed the fire escapes on the building. Mr. Justice Lloyd held:

"Here, the damage which the plaintiff company sustained was through a collision on the public highway with a structure not only authorized, but required by law, and which the property owner could not avoid placing where it was. Those using the highway were obliged to take cognizance of this lawful construction, and to govern themselves accordingly. There is no vested or property right in the use of the highway which the state cannot circumscribe or curtail. Public highways are changed in their direction and even vacated without liability to the user of the highway, as such, to complain. It must be carefully observed that the claim in this case is not based upon a property right in the highway by reason of an abutting owner, but for injury to a truck which might as well have belonged to an owner in another city or state. *Nor is there here alleged any element of negligence; the sole contention being that the construction itself constituted a private nuisance for which the defendant would be liable."*

In the case of *Denzer* v. *Delaware, Lackawanna and Western Railroad Co.,* 103 *N. J. L.* 95, suit was brought against the railroad company alleging improper maintenance of an under

pass in such manner as to create a dangerous trap on a public highway. The street was depressed to give head room under the tracks, which, as they cross the avenue, are supported by three concrete piers, or set of piers, one at the east curb, one in the west curb and one midway of the road running normal to the railroad. Under statutory authority the Public Utility Commission of our state ordered the abolition of grade crossings in East Orange including the street in question. The railroad company in pursuance of said authority contracted with the municipality for said abolition and the structure was built in strict conformity with the order and contract aforesaid. The basis for recovery was assuming the structure lawful, that nevertheless a duty rested on the defendant to maintain it so that pedestrians and automobiles should not come into collision because of one or the other, or both, being temporarily hidden behind the obstruction. Mr. Justice Parker, speaking for the Court of Errors and Appeals, held on page 97:

"A similar point based on similar reasoning was made in the case of *Lorentz* v. *Public Service Railway Co., post, p.* 104, and held by us against the plaintiff. We think the case at bar is controlled by our ruling in the other, and in this case, and when, under legislative authority, a railroad company in the abolition of grade crossing perils is permitted and required to support its tracks across a street by columns or similar erections within the street lines, its duty to the public traveling on the street ends with the construction and maintenance of such permanent structure in the manner laid down and specified by the public authority."

In *Lorentz* v. *Public Service Railway Co.,* 103 *N. J. L.* 104, the structure was also built in pursuance to legislative and municipal authority. Here the negligence urged was that the defendant failed to have a suitable warning light as a result of which plaintiff sustained damage. Mr. Justice Parker, speaking for the Court of Errors and Appeals, reviewed the cases on the subject and on page 107 thereof said:

"It is significant that neither in the trial court nor in this court has the industry of counsel produced one decision in

which recovery was had because of collision with a legalized permanent obstruction in a highway, apart from some special misuse of such structure."

And on page 109 he further says:

"It seems, therefore, clear, and indeed is not denied, that this elevated structure is a lawful structure erected pursuant to lawful public authority, and essentially similar in characteristics to the elevated railroads in New York, Boston, Philadelphia, Chicago, and, perhaps, other large cities. Structures of this kind, authorized by law and used to facilitate public travel, although they are physical obstructions to drivers of ordinary vehicles, and, perhaps, to pedestrians, are, nevertheless, not nuisances, and the public must take notice of them.

"The complaint counts, however, on the failure to light the columns so that they can more readily be seen at night, and the failure to clean them when they became dirty and dingy. But both these claims imply a duty, and we find no such duty laid down in the statute or ordinance, and without some such requirement in one or the other we are unable to say that any such duty existed. The right to erect and maintain the structure was conferred, without any such qualification, and it seems reasonable to say that where neither the statute nor ordinance mentions the matter it must be assumed that the ordinary public lighting of the street was considered sufficient in the premises."

It is quite clear that in each of the aforesaid cases, the structure involved in the premises was built in pursuance to a legislative mandate. That is, they were not merely permissive structures but were structures erected because the law so directed, by positive and absolute order. In each case the structure was placed at a given point not by reason of choice but by force of requirement of the law. The defendants could not avoid placing the structure at the given site. Were the requirements of the law, the facts and circumstances so in the instant case?

Section 53 of the Railroad law of New York is as follows:

"Sec. 53. Signboards, flagman and gates at crossings.

Every railroad corporation shall cause a *signboard to be placed, well supported and constantly maintained, at every crossing where its road is crossed by a public highway at grade.* Such signboard shall be of a shape and design to be approved by the public service commission, and shall have suitable words painted thereon to warn travelers of the existence of such grade crossing. The commission shall have power to prescribe the location and elevation of such signs and the words of warning  *   *   *."

True it is that the Public Service Commission and the authorities of East Waverly gave its permission to the petition of the railroad company for the erection of this signal tower but neither directed or ordered its erection by virtue of any mandatory provision of the law. Section 53, aforesaid, deals with a "signboard" and words of "warning thereon," &c., and nowhere does it treat with a concrete tower. The public highway is presumed to be free from obstruction. *Durant* v. *Palmer,* 29 *N. J. L.* 544. See, also, recent case of *Hill Construction Co.* v. *Central Railroad Co.* (*District Court*), 10 *N. J. Mis. R.* 1240; *affirmed, Supreme Court,* 11 *Id.* 622. It seems to us that the case of *Howard* v. *Lehigh Valley Railroad Co.,* 106 *N. J. L.* 466, is precisely in point.

The placing of a dangerous device (concrete tower) without a mandatory provision of the law to do so where the law relied upon merely required a signboard with appropriate words of warning, &c., in the center of a public highway, knowing that it could only act as a warning when a train was about to cross the highway, which, at best, could only provide for a fractional portion of the time, constituted, in our opinion, a private nuisance. It was the grossest sort of negligence. The defendants should be made to respond for the damage admittedly sustained by the plaintiff.

Judgment is affirmed, with costs.