96 So.2d 769 (1957)
Thelma J. PRITCHARD, Appellant,
v.
PEPPERCORN and PEPPERCORN, Inc., a Florida corporation, and Kerwell Lolley, Appellees.
Supreme Court of Florida, Special Division B.
June 12, 1957.
Rehearing Denied July 12, 1957.
J. Russell Hornsby, Orlando, C.B. Tartari and Robert Eagen, Orlando, for appellant.
J. Thomas Gurney, Orlando, for appellees.
THORNAL, Justice.
Appellant Thelma J. Pritchard, who was plaintiff below, seeks reversal of a summary judgment entered in favor of the appellees, who were defendants below, in an automobile negligence death case.
The only point to determine is whether the record presented to the trial judge tendered a genuine issue on a material fact that would preclude the entry of a summary judgment.
Mrs. Pritchard sued the appellees Peppercorn and Peppercorn, Inc., and Lolley, claiming that her husband met his death as the result of the negligent operation of an automobile owned by Peppercorn and driven by Lolley. The fatal collision occurred at about 1:30 a.m., August 7, 1954, on Highway 50 east of Orlando. The deceased, Dale Pritchard, was driving westerly toward Orlando. Appellee Lolley, accompanied by one Redditt, was driving Peppercorn, Inc.'s truck in an easterly direction when the two vehicles collided resulting in Pritchard's death.
On a motion for a summary judgment, the appellees tendered the deposition of Lolley which in substance stated that when about 250 yards away from the Pritchard automobile he saw it start weaving from *770 side to side crossing the centerline at times and then continuing westerly in the north traffic lane, which was the proper lane. Lolley maintained the operation of his car in the south traffic lane. When the Pritchard car was about 100 yards away, it again started weaving and as Lolley pulled his truck slightly off the paved road on the south side, he testified that the Pritchard automobile plowed into him. Lolley's deposition was corroborated by the affidavit of Redditt, his passenger. A Highway Patrolman, who appeared on the scene about ten minutes after the collision, stated that the front left wheel of the Pritchard automobile was about 3 feet into the south lane. He also testified that while he could smell alcohol, neither Lolley nor Redditt was drunk. Photographs of the scene of the collision supported the testimony of the Highway Patrolman showing the front left wheel of the Pritchard car well into the south traffic lane.
To meet these statements, the appellant offered the deposition of one Martha Abernathy in which she stated that she and another couple had met Lolley and Redditt about 7:00 p.m., August 6, at an establishment named the Trocadero, where only beer and wine were sold; that in order to obtain a bottle of whiskey she and Lolley proceeded to another place named the Pink Elephant where they bought a "fifth" of whiskey; after an unspecified absence they then returned to the Trocadero where the party consumed the bottle of whiskey, and around midnight Lolley took her home. He left her at about 12:45 a.m. This affidavit states that when the affiant last saw Redditt (the exact time not being stated), he was drunk. The affidavit, however, does not certify that Lolley was drunk at any time.
The appellant also filed the affidavit of one Payne, who stated that he saw the Pritchard car about five minutes before the accident and that it was not weaving in the road.
The trial judge was of the view that no genuine material factual issue was tendered by the affidavits and depositions and thereupon entered a summary judgment for the appellees. Reversal of this judgment is now sought.
The appellant contends that the affidavit with reference to the intoxication of the witness Redditt as well as alleged conflicts in the deposition produced a factual issue requiring that the case be heard by a jury.
The appellees insist that there was no factual issue for a jury to hear.
In Herring v. Eiland, Fla., 1955, 81 So.2d 645, we held that where a plaintiff fails to present affidavits in support of the allegations of the complaint, or in the alternative affidavits in opposition to a motion for summary judgment showing reasons why essential facts could not be presented by contesting affidavits, then all that the trial judge has before him for consideration are the unsupported complaint and the depositions or affidavits of the movant for the summary judgment. If such depositions and affidavits under these circumstances reveal no cause for complaint it is proper to enter a summary judgment for the defendant.
In the instant case the appellant offered no affidavits tending to support the allegations of her complaint to the effect that the driver of the truck operated the same negligently. The affidavit of the witness Payne merely supports the fact that approximately four miles away, the automobile of Mr. Pritchard was not weaving or swerving in the highway. The affidavit of the witness Abernathy while apparently aimed at establishing the intoxicated condition of the driver Lolley fails to do so. While she did state that he had been drinking, it is noted upon careful analysis that she made no statement whatever with reference to the condition of intoxication, although she did state that the witness Redditt was drunk the last time she saw *771 him, whenever that was. Even when we indulge all proper favorable inferences in appellant's behalf, as we must do on a motion for summary judgment, we still find a situation in which there are no genuine issues on material facts, there being a complete absence of any evidence of negligence on the part of the truck driver.
Appellant in her brief contends that the Abernathy affidavit was sufficient on which to construct an inference that the driver of the truck was intoxicated at the time of the collision. In order to reach this point we must first draw the inference that Lolley was intoxicated when he left the bar at about midnight, then the further inference that such intoxication continued until the accident, an hour or more later, and finally we must superimpose upon this additional inference the final inference that his intoxication produced the fatal collision.
Under the rule of Voelker v. Combined Ins. Co. of America, Fla., 1954, 73 So.2d 403, we are not permitted to do this. See, also, Byers v. Gunn, Fla., 1955, 81 So.2d 723. We think these two decisions clearly define the rules applicable to the employment of inferences based on circumstantial evidence as the basis for determining the existence of an ultimate fact.
In the instant case we are further confronted with the proposition that the positive testimony of the Highway Patrolman supported the deposition of the driver Lolley. In addition the pictures, which are often more valuable as evidence than many words, rather clearly corroborate the story related by the Patrolman and the truck driver and are inconsistent with the contention of appellant. Even if the affidavit of the witness Redditt were completely disregarded as appellant contends we should do we would still be faced with a situation in which there was no genuine issue on any of the material facts.
Under the circumstances reflected by this record, we fail to find that the able and long experienced trial judge crossed the barrier which preserved to the litigant the right to a trial by jury unless there is an absence of a genuine issue on a material fact.
The judgment is affirmed.
TERRELL, C.J., O'CONNELL, J., and SANDLER, Associate Justice, concur.