## BERMAN, et ux v. DADE COUNTY.
### No. 59-3267.

Civil Court of Record, Dade County.

January 12, 1960.

Egert & Levine, Miami, for plaintiffs.

Richard J. Thornton, Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for defendant.

DAVID J. HEFFERNAN, Judge.

This cause was heard on the defendants' motion for summary judgment and considered in the light of the pleadings, interrogatories and answers thereto, certificates and affidavits on file.

The plaintiffs sued for damages resulting from the fall of Anna Berman while using an escalator operated by the defendants at the Miami International Airport. The sole acts of negligence alleged in

the complaint were "that said escalator was so constructed and operated as to be too narrow and/or run at an excessive speed rendering the same unsafe * * * ."[1]

By chapter 399, Florida Statutes, the supervision and inspection of escalators was delegated by the Florida legislature to the Florida Industrial Commission which was authorized and directed to promulgate a safety code controlling the design and operation of such mechanisms. The safety code so adopted contains standards as to width and speed of operation, permitting widths to vary between 24 and 48 inches and speed of not more than 125 feet per minute.[2]

By the uncontroverted affidavit of a representative of Westinghouse Electric Corporation, manufacturer of the escalator in question, it was established that it was of standard make and the newest model available when installed; that it was 32 inches in width and on February 24, 1959, when the accident occurred, was running at a speed of 120 feet per minute. Thus, as to both grounds on which the plaintiffs based their charges of negligence, it was shown without contradiction that the construction and operation of the escalator conformed to the standards specified by the legislature and the Industrial Commission. This eliminated any genuine issue of

---

[1]In their answers to interrogatories (no. 28), and through counsel at the argument on motion for summary judgment, plaintiffs abandoned the charge that the escalator was too narrow.

[2]Florida Statutes § 399.02 (2) requires the Industrial Commission to adopt a safety code which will be the same or similar to the latest revision of the American Standard Safety Code for Elevators, Escalators and Dumbwaiters. The Industrial Commission, by appropriate resolution, has adopted the aforesaid safety code. The portions thereof applicable to width and speed are as follows—

Rule 802.2. *Width.*

The width between the balustrades shall be not less than twenty-two (22) inches nor more than forty-eight (48) inches measured at a point twenty-seven (27) inches vertically above the nose line of the steps. This width shall not exceed the width of the steps by more than thirteen (13) inches (see also Rule 802.5b).

Rule 803.1. *Limits of Speed.*

The rate of speed, measured along the angle of inclination, shall be not more than one hundred and twenty-five (125) feet per minute, except that higher speeds may be permitted subject to the approval of the enforcing authority.

material fact and left for determination only the question whether the defendant county was guilty of any breach of legal duty.

The court resolves that question in favor of the defendant upon several grounds.

In the first instance, the owner of premises to which the public is invited owes only the duty to keep them reasonably safe for the use intended. There is no relationship of insuror and the mere happening of an accident by no means proves a breach of such duty. Moulden v. Jefferson Standard Life Ins. Co., 147 Fla. 36, 2 So. 2d 302; Matson v. Tip Top Grocery Co., 151 Fla. 247, 9 So. 2d 366; Hall v. Holland (Fla.), 47 So. 2d 889; Earley v. Morrison Cafeteria Co. (Fla.), 61 So. 2d 477; Messner v. Webb's City, Inc. (Fla.), 62 So. 2d 66; Night Racing Association v. Green (Fla.), 71 So. 2d 500; Heps v. Burdine's, Inc. (Fla.), 69 So. 2d 340.

In the second place, the pleadings did not negative, and, to the contrary, the established facts positively affirmed compliance by the county with prescribed safety standards. Hillman v. Greater Miami Hebrew Academy (Fla.), 72 So. 2d 668. See, also, Hayden v. Paramount Productions (Dis. Ct. App. Cal.), 91 P. 2d 231; Hauser v. Pacific Gas & Electric Co. (Dis. Ct. App. Cal.), 23 P. 2d 1068.

As noted, supra, the dimensions and speed of the escalator complied with the standards prescribed by law. Absent, as in this case, either allegation or proof of any extraneous factor or condition which, on account of some extraordinary set of circumstances then existing, might be said to impose a duty to do more than the law itself prescribed, the defendant county is protected by the rule that what the law sanctions and authorizes is a shield against liability for an occurrence, to the happening of which defendant contributed no act below or beyond compliance with statutory requirements. Uline v. New York etc. R. Co., 101 N.Y. 98, 4 N.E. 536; W. B. Wood Co. v. Balsam, 100 N.J.L. 275, 126 A. 480; Denzer v. Delaware etc. R. Co., 103 N.J.L. 95, 134 A. 820; Lorentz v. Public Service Ry. Co., 103 N.J.L. 134, 134 A. 818, 49 A.L.R. 989.

The premises considered, it is considered, ordered and adjudged that the defendants are entitled to summary judgment in their favor, that the plaintiffs take nothing by their writ, and that the defendants go hence without day. Defendants have no taxable costs. Accordingly, the non-resident cost bonds heretofore posted by plaintiffs are hereby canceled and plaintiffs are released from the obligations thereof.