### BETHEL v. DADE COUNTY.
No. 59-L 3207.

Circuit Court, Dade County.

May 23, 1960.

Killian & Killian, Miami, and Harold Gray, Coral Gables, for plaintiff.

Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for defendant.

ROBERT L. FLOYD, Circuit Judge.

This cause came on for hearing pursuant to due notice upon defendant's motion for summary judgment. The court has considered the pleadings, the interrogatories and answers thereto, the supporting affidavits, and the affidavit of George Allan Chapman filed by plaintiff in opposition to the motion. The court has disregarded statements contained in the affidavits in the nature of hearsay evidence or other evidence which would not be admissible if offered at the trial. By the same token, the court has disregarded conclusions of fact and law, as well as statements in the nature of argument. See Moore's Federal Practice (2d Ed. 1959) § 56.22.

When the motion is considered with reference to the admissible evidence, there is nothing introduced by plaintiff sufficient to overcome the fact that the escalator in question was operated at a speed of 120 feet per minute and that such speed complied with the safety standards prescribed by the Florida Industrial Commission in accordance with the mandate of the applicable Florida statute, (F.S. 1959 § 399.02(2)). The statute, as well as the regulations adopted pursuant thereto, are set forth in a supporting affidavit and are not controverted by plaintiff.

Initially, plaintiff has the burden of alleging that the defendant is guilty of some act or omission constituting negligence. The only allegation in the complaint concerning the subject is that the escalator was moving at an excessive rate of speed. The burden of showing the absence of any genuine issues of fact is upon the party moving for summary judgment. Roth v. Flom, 105 So. 2d 179 (DCA 3, 1958). Defendant has proven that it has complied with the applicable safety requirements. There is no dispute as to the speed of the escalator nor that such speed is less than the maximum speed prescribed by the safety code. The plaintiff has not come forward with any competent or relevant evidence tending to prove that defendant's compliance with prescribed safety standards is not sufficient under the existing circumstances. There is no proof of any existing fact or circumstance which would justify the court in submitting the case to the jury on the ultimate question of whether or not operation of the escalator at 120 feet per minute was negligent. Where, as here, a plaintiff fails to present competent admissible evidence in support of the allegations in the complaint, or in the alternative, affidavits showing reasons why essential facts could not be presented by contesting affidavits, then all the trial judge has before him for consideration is the unsupported complaint and such competent admissible evidence as has been submitted by defend-

ant. If such evidence reveals no cause for complaint, that is to say, no cause of action, it is proper to enter judgment for defendant. Pritchard v. Peppercorn, 96 So. 2d 769, 770 (Fla. 1957).

It has already been held by the Supreme Court of Florida that the use of escalators in places where the public is invited is common; that they are considered as necessary and standard equipment for the dispatch of crowds; and, that owners are not required to guard them with attendants. Heps v. Burdine's, Inc., 69 So. 2d 340 (Fla. 1954). It is settled beyond any real dispute, and, indeed, the plaintiff did not contend otherwise, that defendant owes only the duty to keep its premises in a reasonably safe condition for the use intended. There is no relationship of insurer and the mere happening of an accident by no means proves a breach of such duty. Moulden v. Jefferson Standard Life Ins. Co., 147 Fla. 36, 2 So. 2d 302; Matson v. Tip Top Grocery Co., 151 Fla. 274, 9 So. 2d 366; Hall v. Holland, (Fla.) 47 So. 2d 889; Earley v. Morrison Cafeteria Co., (Fla.) 61 So. 2d 477; Messner v. Webb City, Inc., (Fla.) 62 So. 2d 66; Night Racing Association v. Green, (Fla.) 71 So. 2d 500.

Accordingly, the court finds and determines that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law. It is therefore ordered and adjudged that summary judgment is hereby entered in favor of the defendant and against the plaintiff. The plaintiff shall take nothing by her writ and defendant shall go hence without day.