**WHEELER, et ux v. PAN AMERICAN WORLD AIRWAYS, Inc., et al.**

No. 60 L 205.

Circuit Court, Dade County.

April 24 and May 23, 1961.

Robert M. Thomson, Thomson & Thomson, Miami, for plaintiffs.

Richard J. Thornton, Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, Miami, for defendants.

HAROLD R. VANN, Circuit Judge.

*April 24, 1961:* This cause came on for hearing, pursuant to due notice, upon the motion for summary judgment of defendant, Pan American World Airways, Inc. The case is at issue on the amended complaint and Pan American's amended answer. The court has considered the pleadings, interrogatories and answers thereto, depositions, and the affidavits filed in support of the motion, as well as statements and argument of counsel at the hearing.

Plaintiffs were passengers on one of the defendant's flights from Havana, Cuba. Mrs. Wheeler and her mother, Mrs. Meciszewski, fell on an ascending escalator in the Miami International Airport Terminal Building while en route from the airplane to the U. S. Public Health Service. Both ladies allege personal injuries. Mrs. Meciszewski is the plaintiff in a companion case (No. 60 L 206). These cases have been consolidated for hearings but maintain their separate identities for pleading purposes. The sole allegation of negligence is that the escalator in question was running at an excessive or unsafe speed under the circumstances existing at the time of the accident. Counsel for plaintiffs stated at the hearing that there was no other basis or grounds for the cause of action alleged.

Defendant proved by affidavits filed in support of its motion that the escalator in question was operated at a speed of 120 feet per minute and that such speed is less than the maxi-

mum speed authorized by the Florida Safety Code. See §399.03 (2), Florida Statutes 1959, and affidavits supporting the motion. Plaintiffs filed no opposing affidavits and have made no showing whatsoever as to any fact or circumstance which would justify the court or a jury in finding that it was negligence to operate the escalator at a speed of 120 feet per minute. Such being the case, there is no evidence in opposition to defendant's motion. Thus, there is no genuine issue of material fact, and it is proper to enter summary judgment for defendant. See Pritchard v. Peppercorn, Fla. 1959, 96 So. 2d 769, 770.

Although the foregoing is sufficient to dispose of the case, it is appropriate, if not essential, to discuss another aspect hereof, so that there will be no doubt as to the basis of this decision. It is plaintiffs' contention that the defendant air carrier owes them the highest degree of care. On the other hand, defendant contends that its duty to exercise the highest degree of care extends only to transportation facilities under its control and that if it has any duty with respect to terminal facilities and other public areas over which it has little or no control, it is the same duty as that owed by the owner or occupier of premises to business invitees, namely, reasonable and ordinary care. See 23 Fla. Jur., Negligence §45. See also Kenan v. Houstoun, 1942, 150 Fla. 375, 7 So. 2d 837. The amended complaint alleges and defendant admits that the escalator was "under the direct control and operation" of the Dade County board of county commissioners. Although plaintiffs were under the command of the air line captain during their trip from the airplane through portions of the terminal facility, including the escalator, to the U. S. Public Health Station, there is no suggestion or contention that the air line had any control over the actual construction, operation or maintenance of the escalator.

The court is inclined to the view that a carrier owes the duty of exercising reasonable care with respect to terminal facilities not under its control but through which its passengers must pass in order to utilize the carrier's services either before or after a trip. However, it is unnecessary to decide this question under the facts of this case. This is so because a common carrier is not an insurer, even in those cases where it owes the highest degree of care. In such cases, it is necessary for plaintiff to show some act or omission constituting negligence. 5 Fla. Jur. Carriers §108. See also Blackman v. Miami Transit Co., Fla. App. 1960, 125 So. 2d 128. In this case, there is no showing of negligence even if it were assumed, arguendo, that defendant owes the highest degree of care. Actually, the Supreme Court of Florida has held that the use of escalators in places where the public is invited is common and that they are considered as necessary and standard

equipment for the orderly dispatch of crowds. It is not necessary for the owner or operator to guard them with attendants as might be necessary if the highest degree of care were due. Heps v. Burdine's, Inc., Fla. 1954, 69 So. 2d 340. See also Berman v. Dade County, 15 Fla. Supp. 160; Bethel v. Dade County, 16 Fla. Supp. 162.

Accordingly, the premises considered, it is ordered and adjudged that summary final judgment be and the same is hereby entered in favor of defendant, Pan American World Airways, Inc., and against the plaintiffs, Isabel Wheeler and Edward F. Wheeler. Plaintiffs shall take nothing by their complaint and defendant shall go hence without day. It is further ordered that upon motion and after due notice of hearing, defendant shall recover its taxable costs incurred in the defense hereof.

*May 23, 1960:* This cause, as against the board of county commissioners, came on for hearing pursuant to due notice. For brevity, the individual defendants comprising the board of county commissioners will be referred to herein as "the county".

The court has considered oral argument and written briefs submitted by counsel for the parties. I find that the plaintiffs failed to give notice as required by Metropolitan Dade County Ordinance No. 58-16 [section 2-2 of the Metropolitan Code]. A true copy of the ordinance is attached to the county's motion to dismiss the original complaint.

Although it appears that a county employee knew about the accident and filed a report on a form provided by the county's insurance carrier, there is nothing to indicate, and indeed plaintiffs do not contend that written notice was given in accordance with the ordinance either by themselves or anyone else acting in their behalf. Thus, this is a case involving a complete lack or failure to give the written notice required by law. Town of Miami Springs v. Lasseter, Fla. 1952, 60 So. 2d 774, and Aspy v. City of Hollywood, Fla. 1952, 60 So. 2d 726.

This is not a situation where notice was given but was defective in some technical aspect capable of being waived. See Buck v. City of Hallandale, Fla. 1956, 85 So. 2d 825; Magee v. City of Jacksonville, Fla. 1956, 87 So. 2d 589; and Monchek v. City of Miami Beach, D.C.A.3 1959, 110 So. 2d 20. None of the elements of estoppel are present as in the case of Tillman v. City of Pompano, Fla. 1958, 100 So. 2d 53.

In view of the above and because plaintiffs' counsel indicated in oral argument before the court that they cannot amend to allege further facts regarding the question of notice, it is appropriate to dismiss the complaint against the county and without leave to amend. Ragans v. City of Jacksonville, D.C.A.1 1958,

106 So. 2d 860. The county's motion to dismiss the amended complaint is granted. Plaintiffs' amended complaint is dismissed with prejudice and without leave to amend as against Dade County.