BENITEZ, et ux v. DADE COUNTY.
No. 60-L-517.

Circuit Court, Dade County.
March 28, 1962.

A. J. Brissette, Jr. and Dudziak, Bassett, Jaczynski & West, all of Miami, for plaintiffs.

Richard J. Thornton of Walton, Lantaff, Schroeder, Atkins, Carson & Wahl, all of Miami, for defendant.

MARSHALL C. WISEHEART, Circuit Judge.

This cause came on for hearing pursuant to due notice upon the defendant's motion for summary judgment or in the alternative, motion for judgment on the pleadings. The court has considered the pleadings, the interrogatories and answers thereto, the depositions, and the supporting affidavit.

The pleadings refer to defendant as "Board of County Commissioners of Dade County, Florida, acting as Dade County Port Authority." In this order, defendant will be called Dade County. (See paragraph 2 of the answer of Dade County and Florida Statutes 1959 §125.15).

The motion for summary judgment is based upon two grounds — first, that the notice of claim was not given in the manner and form required by ordinance; and second, that there is no genuine issue of material fact with regard to the negligence alleged. It is the decision of this court that Dade County is entitled to summary judgment on both grounds.

The complaint alleges that on February 2, 1959, the plaintiff-wife, Luz Benitez, fell on a fast-moving descending escalator at Miami International Airport. Defendant admits that the escalator in question was operated as a part of its terminal facility. Although the complaint alleges negligence in the case, maintenance and control of the escalator in general terms and asserts that the escalator was defective, it appears from the depositions of both plaintiffs that the only defect they experienced was in the rapidity of its movement. Mrs. Benitez said that the speed of the thing was what caused her to lose her balance and fall. (Deposition of Luz Benitez, page 25). When asked to describe the escalator's speed, she could only say that it was "very, very speedy." (Deposition, page 47). The plaintiff, Jaime Benitez, also stated that the only thing wrong with the escalator was its excessive speed. (Deposition of Jaime Benitez, pages 10-11). Neither was able to describe its speed in feet per minute. Although there is no analogy between the operation of an escalator and a motor vehicle, rules of evidence are the same in either case. In this case, the plaintiffs' testimony that the escalator speed was excessive, or was too fast, or was very, very speedy is just as lacking probative value as was similar testimony in Blackman v. Miami Transit Co., 125 So.2d 128 (Fla. App. 1960).

Defendant has proved, without controversy from plaintiffs, that the escalator in question was operated at a speed of 120 feet per minute and that such speed complied with the safety standards prescribed by the Florida Industrial Commission in accordance with the mandate of the applicable Florida statute (Florida Statutes 1959 §399.02(2)). As in Bethel v. Dade County, 16 Fla. Supp. 162 (1960), the plaintiffs in this case have not "come forward with any important or relevant evidence tending to prove that defendant's compliance with prescribed safety standards is not sufficient under the existing circumstances. There is no proof of any existing fact or circumstance which would justify the court in submitting the case to the jury on the ultimate question of whether or not operation of the escalator at 120 feet per minute

was negligent." In the instant case, as in Bethel, there is a total absence of evidence showing negligence on the part of the county.

Therefore, the court finds and determines there is no genuine issue of material fact on this aspect of the case and defendant is entitled to judgment as a matter of law. See Pritchard v. Peppercorn, 96 So.2d 769, 770 (Fla. 1957). See also Wheeler v. Pan American World Airways, 17 Fla. Supp. 206 (1961); Berman v. Dade County, 15 Fla. Supp. 160 (1960).

The court also finds and determines that even if there were an issue of fact regarding defendant's negligence, the notice of claim furnished by plaintiffs was fatally defective as a matter of law. As set forth in paragraph 6 of Dade County's answer, the defects in the notice are as follows — (1) it was not addressed to the clerk of the commission; (2) it was sent to the wrong address; (3) it did not set forth the plaintiffs' address; (4) it did not specify the time, place or circumstances of injury, (there are 24 escalators in the terminal building); (5) it did not specify the nature of the injury; and (6) it did not set forth the amount claimed as damages. The letter constituting notice is attached to plaintiffs' amended complaint. Plaintiffs contend that Lally Adjustment Bureau, as agent for Dade County, investigated the matter and opened settlement negotiations, thereby waiving notice requirements of the ordinance. However, it is the finding of this court that the principles of waiver and estoppel are not applicable to the facts of this case, which is controlled by the decisions in Town of Miami Springs v. Lasseter, 60 So.2d 774 (Fla. 1952); Olivier v. City of St. Petersburg, 65 So.2d 71 (Fla. 1953); and Buck v. City of Hallandale, 85 So.2d 825 (Fla. 1956). The decisions in Tillman v. City of Pompano, 100 So.2d 53 (Fla. 1958); Monchek v. City of Miami Beach, 110 So.2d 20 (Fla. App. 1959); and Crumbley v. City of Jacksonville, 102 Fla. 408, 135 So. 885 (1931) are inapposite.

Plaintiffs also contend that operation of the airport was a proprietary function as distinguished from a governmental one and that, therefore, notice provisions of the ordinance are not applicable. Whether proprietary or governmental, notice is required. See the Supreme Court decision upon rehearing in Crumbley v. City of Jacksonville, 138 So.486 (Fla. 1931).

Accordingly, the court finds and determines that with respect to the issue of notice, there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law.

Wherefore, the premises considered, it is ordered and adjudged that summary judgment is hereby entered in favor of the defendant and against the plaintiffs; that the plaintiffs shall take noth-

ing by their complaint; and that defendant shall go hence without day. Defendant shall recover its costs herein expended for which, when taxed, let execution issue.